```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-60562-CIV-COHN
                                      (06-60279-CR-COHN)
                              MAGISTRATE JUDGE P. A. WHITE
```

LAVERDUE MARQUIS,                   :

    Movant,                    :

v.                                  :         <u>REPORT OF</u>
                                                 <u>MAGISTRATE JUDGE</u>

UNITED STATES OF AMERICA,           :

    Respondent.                :
_____

      Laverdue Marquis, a State prisoner currently confined at the Calhoun Correctional Institution in Blountstown, Florida, filed a motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence entered pursuant to a guilty plea in Case No. 06-60279-Cr-Cohn. Although the petitioner is not currently in federal custody, he has been sentenced to a federal term of imprisonment and there is a detainer lodged by the United States Marshal for the Southern District of Florida. It appears that he will be returned to federal custody to serve his sentence when he is released from State custody. Thus, he is "in custody" for purposes of this postconviction proceeding.

      This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

      For its consideration of the motion to vacate, the Court has the government's response to an order to show cause and the underlying criminal file.

Marquis raises two claims as follow:

1. His guilty plea was involuntarily made without understanding the nature of the charges or the consequences of the plea.

2. He received ineffective assistance of counsel when counsel failed to file a motion to suppress evidence where the State had insufficient evidence to convict him.

Marquis pleaded guilty to being a felon in possession of a firearm in and affecting interstate commerce, pursuant to a written plea agreement. (Cr. DE# 39). The Court sentenced him to 70 months imprisonment, followed by two years of supervised release. (Cr. DE# 53). This timely motion to vacate ensued.

In his first claim, Marquis argues that his guilty plea was not knowing and voluntary because he did not know that there was insufficient evidence to convict him of the offense to which he pleaded guilty and the plea was a result of counsel's failure to adequately advise him of the consequences of his plea. He argues that counsel failed to investigate and took advantage of his "mental weakness of not understanding the law, and coerced him into taking the plea." He contends that he pleaded guilty because he was afraid that he might receive a harsher prison sentence if he proceeded to trial.

The acceptance of guilty pleas is governed by Fed.R.Cr.P. 11. That rule requires the Court to address the defendant personally before accepting a guilty plea, and determine that he understands 1) the nature of the charge to which he is pleading guilty, 2) the mandatory minimum and maximum possible penalty and the applicability of sentencing guidelines, and 3) the rights which are

relinquished by the entry of the guilty plea. Rule 11(h) provides that any variance from the Rule 11 procedure which does not affect substantial rights is harmless.

The Eleventh Circuit places a greater emphasis than other circuits on the three core concerns which underlie Rule 11. <u>United States v. Jones</u>, 143 f3d 1417 (11 Cir. 1998); <u>Holmes v. United States</u>, 876 F.2d 1545, 1548 (11 Cir. 1989). The defendant's rights are violated if the Court fails to satisfy any of the core objectives. <u>United States v. Quinones</u> 97 F.3d 473, 475 (11 Cir. 1996). Such a violation ordinarily requires automatic reversal. <u>United States v. Siegel</u>, 102 F.3d 477, 481 (11 Cir. 1996) (citations omitted) (holding that a district court's failure to advise a defendant, prior to the entry of his guilty plea, that the plea would result in the imposition of a mandatory minimum sentence was not harmless error and required that the defendant be permitted to plead anew); <u>See</u> <u>United States v. Hourihan</u>, 936 F.2d 508 (11 Cir. 1991) (holding that the Court's failure to advise the defendant of the mandatory minimum penalty was reversible error based upon the Rule 11 transcript and the plea agreement).

A movant alleging a Rule 11 violation in a §2255 proceeding must show that the plea proceeding was tainted by a fundamental defect which inherently results in a complete miscarriage of justice or by an omission inconsistent with the rudimentary demands of fair procedure. <u>United States v. Dewalt</u>, 92 F.3d 1209 (D.C. Cir. 1996).

Review of the transcript of the plea colloquy reveals that the trial court fully addressed the requirements of Rule 11. The Court advised Marquis of the charge to which he was pleading guilty and inquired whether he had the opportunity to review the charge and

the indictment with counsel and whether he understood the charges against him.  The Court advised him that the offense carried a maximum term of imprisonment of ten years followed by up to three years of supervised release, a fine of up to two hundred and fifty thousand dollars and a special assessment of one hundred dollars.  The Court reviewed each of the rights that Marquis was forfeiting by entering the guilty plea.  (Cr. DE# 56).

Counsel advised the court that he and Marquis had reviewed the indictment, the statutes and the elements of the offense, and that they had reviewed the discovery provided by the government, including written transcripts of audio recordings that were made in the case.  They also discussed possible defenses.  Marquis stated that he understood the charges, the offenses, the terms of the guilty plea, the possible sentence that he could receive and the rights that he was forfeiting by entering the guilty plea.  He advised the Court that he had an eleventh grade education, that he was not under the influence of drugs or suffering any mental defect that impaired his ability to understand what was occurring at the change of plea hearing, and that he was entering the guilty plea of his own free will.  He was advised, and acknowledged that he understood, that he had a right to a trial by jury and to require the government to prove its case beyond a reasonable doubt.  He understood his rights and persisted in pleading guilty.

Moreover, Marquis signed a written proffer and agreed that if the government had proceeded to trial, it would have proved beyond a reasonable doubt that:

> In July 2006, Special Agents with the Bureau of Alcohol, Tobacco, firearms and Explosives were investigating possible federal firearms violations committed by this Defendant,

LAVERDUE MARQUIS, and his co-Defendant JEAN RONY ANESTAL, both prior convicted felons.

On July 25, 2006 (approximately 9:30 p.m.), a documented, previously proven reliable Confidential Informant (hereinafter "CI") was directed by agents to the particular apartment in Pompano Beach, Broward County, Southern District of Florida, from where it was believed the Defendants were selling firearms. Upon his arrival, the CI first met with this co-Defendant Anestal. Defendant MARQUIS was not yet at the apartment, so, co-Defendant Anestal called MARQUIS and asked him to come back so that the deal could be completed. Upon MARQUIS' arrival at the apartment, MARQUIS handed the CI a Glock 9 mm pistol with an obliterated serial number, and co-Defendant Anestal handed the CI a magazine loaded with 9 rounds of .380 ammunition (designed to work in the Glock.) The CI paid MARQUIS $500 in cash, and MARQUIS–in front of the CI–paid a portion of the money to co-Defendant Anestal. This transaction was captured on audio tape.

On August 3, 2006 (at approximately 9:30 p.m.), the CI again met with Defendant MARQUIS at his apartment for the purpose of completing a deal for a shot gun as previously negotiated. During these prior negotiations, they agreed on a price of $300; however once the CI arrived, MARQUIS said it would be $350. The CI tried to get the lower price, but ultimately paid the $350 for a Winchester .12 gauge short barreled shot gun, serial number N1153077. MARQUIS told the CI that the shotgun was too long before, and he (MARQUIS) had to cut the barrel length and did so. This transaction was captured on audio tape.

The guns and ammunition have been analyzed for interstate nexus and they were determined to have traveled in interstate commerce prior to their coming into the respective Defendants' hands. (Cr. DE# 40).

The evidence, had it been presented at trial, was sufficient to convict Marquis. He has not demonstrated that his guilty plea was not knowing and voluntary and he is not entitled to relief on his first claim.

In his second claim, Marquis argues that he received ineffective assistance of counsel when counsel failed to file a motion to suppress evidence. He argues that the only evidence against him was a tape-recorded conversation in Creole in which he discussed an exchange of guns. He contends that counsel should have moved to suppress the tape because his voice was not on the tape.

In order to prevail on a claim of ineffective assistance of counsel, Marquis must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Thus, Marquis must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result. A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. <u>Id</u>. at 697; <u>Waters v. Thomas</u>, 46 f.3 1506, 1510 (11 Cir. 1995). With respect to prejudice in the context of noncapital sentencing, the court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been significantly less harsh. <u>Spriggs v. Collins</u>, 993 F.2d 85, 87 (5 Cir. 1993).

Marquis has not proffered any basis upon which a motion to suppress would be granted. Thus, he has failed to demonstrate that

counsel performed deficiently by failing to file a motion to suppress or that he suffered prejudice as a result.  He is not entitled to relief on his second claim.

It is therefore recommended that the motion to vacate be denied.

Objections to this report shall be filed with the Chief Judge within ten days of receipt of a copy of the report.

Signed in chambers at Miami, Florida, this 9th day of October, 2007.

UNITED STATES MAGISTRATE JUDGE

cc: Laverdue Marquis, Pro Se
    DC #B04258
    Calhoun Correctional Facility
    19562 SE Institution Drive
    Blountstown, FL 32424-5156

    Counsel of Record